957 So.2d 135 (2007)
STATE of Louisiana
v.
Terrell CHAPMAN.
No. 2007-KD-0718.
Supreme Court of Louisiana.
June 1, 2007.
PER CURIAM.
Denied. In creating the position of Magistrate Judge and the Magistrate Court for the Criminal District Court in Orleans Parish, the legislature provided that the Magistrate Judge "shall have jurisdiction to act as committing magistrate in felony and misdemeanor charges and to hold preliminary examinations, with the authority to bail or discharge, or to hold for trial, in all cases before the Criminal District Court for the Parish of Orleans, and shall have the power to adopt all necessary rules with respect thereto." La. Rev.Stat. 13:1346(C)(emphasis added). The commissioners in the Magistrate Section for Criminal District Court shall have the same "powers, duties, jurisdiction, and functions, all as is now or hereafter provided *136 for the judge in the magistrate section of said criminal district court." La.Rev. Stat. 13:1347(A)(1). The legislature has further provided that "[t]he judges of the Criminal District Court for the Parish of Orleans shall have power to act as committing magistrates in all felony charges and to hold preliminary examinations, with authority to bail, or discharge, or to hold for trial, in all cases before said court [and] also may adopt all necessary rules with respect thereto." La.Rev.Stat. 13:1336(B).
The allocation of judicial resources in the conducting of preliminary examinations, both pre- and post-indictment, is a matter of internal administration within the Criminal District Court, as expressly authorized by the legislature. To this extent, in this particular instance, the local rules adopted by the district court take precedence over Rule 14.2, Rules for Proceedings in District Courts.